### DAIN *v.* WYCKOFF

In an action for the seduction of the plaintiff's daughter, proof that the defend-
ant procured her to be indentured to him as a servant, as a means of effect-
ing the seduction, is an answer to the objection that the plaintiff was not
entitled to her services.

In such an action, evidence of the bad moral character of the plaintiff, especially in respect to chastity, is inadmissible in reduction of damages or otherwise.

APPEAL from the Supreme Court. Action for the seduction of the plaintiff's daughter. She was indentured, at the age of fourteen, to serve the defendant until she should arrive at the age of eighteen. Within the first year of her service she was seduced by him, became pregnant, returned to her father's house, and was delivered of a child. The plaintiff had a verdict and judgment, which having been affirmed at general term in the sixth district, the defendant appealed to this court.

*Benjamin G. Ferris,* for the appellant.

*William V. Bruyn,* for the respondent.

*By the Court,* COMSTOCK, J. When the case was here on a former occasion, the judgment in the plaintiff's favor was reversed and a new trial granted, on the ground that he was not entitled to the services of his daughter at the time of the injury complained of. (3 *Seld.,* 191.) It appeared that she was in the service of the defendant, and bound to him as an apprentice, when the seduction took place. In disposing of the case upon that ground, it was remarked by the judge who gave the opinion, that, "unless the defendant procured the daughter to enter into his service, with a view to her seduction, of which there is no pretense, the plaintiff should have been nonsuited."

On the second trial, which is now under review, Sally, the daughter, on being recalled to the witness' stand, testified that the defendant, in making advances to her, about a week after the indentures of apprenticeship were signed, told her that he had had her bound to him for the purpose of having connection with her. She also stated that she had testified to the same fact on the first trial, but in this respect she was distinctly contradicted by other witnesses.

As a legal proposition, we do not doubt that the defendant cannot defeat the action by interposing an indenture of apprenticeship, which he procured as one of the means or instrumentalities of accomplishing the seduction. Nor can it be denied that the evidence, if credited, had a tendency to prove that having formed the design of seducing this girl, he had her bound to him in order to facilitate the attainment of that end. We have no hesitation in saying that the evidence was delivered under circumstances of great suspicion; such as would justify the Supreme Court in setting aside the verdict. We are inclined to think that a new trial ought to have been granted by that court. But the question is not one of law. It is a question purely of the credit to be given to the witness; and this court has no right to interfere, even if we wholly disbelieve the statement on which the verdict was founded. We can only correct errors of law, and we cannot pronounce a judgment founded on our impressions or even our convictions that the evidence is untrue.

The evidence offered to show that the plaintiff's general moral character, and his character for chastity in particular, were bad, was properly excluded. It is true that in actions of this kind, compensation is given for the injured sensibilities of the parent, and that a pecuniary value is placed upon the society and attentions of a virtuous daughter. But to justify evidence of bad reputation in general, or in a particular respect, it must first be shown that the sensibilities of such a parent are less acute, and that the society and affections of a virtuous daughter are to him less valuable than to other men. This cannot be affirmed, in fact, and there is no such presumption in law.

Judgment affirmed.