
CHARLES GODFREY *v.* JOHN R. JOHNSTON *et al.*

When there is any evidence of a conflicting character touching material issues the question is one for the jury, and their finding is conclusive as respects this court.

If there are errors in the findings of the jury, the correction must be made at General Term—if the Special Term sustains the verdict—otherwise the party is without remedy.

THIS action was brought by the plaintiff to recover, for damages alleged to have been sustained by him by the breach, on the part of the defendants, of a contract safely to carry certain goods from Geneva, in this State, into the State of Virginia, by reason whereof the said goods became wet and injured.

The answer denied the allegations of the complaint, and set up, as a defense, that the boat on which the said goods were shipped was chartered by the plaintiff, and that he, and not they, were the carriers of the goods.

On the trial, the plaintiff gave in evidence an agreement, in writing, between the defendants, in and by which they agreed to organize a company, with a capital stock of $28,000, which was allotted amongst the defendants, for the purpose of building a steamboat to navigate the Seneca lake, for the profit and advantage of said stock or shareholders.

John R. Johnston, one of the defendants, was called and examined as a witness, and testified that he was the agent of the defendants in running said boat in 1852, and had been from the organization of the company in 1836; that, as such agent, he was applied to by the plaintiff to carry certain furniture, or other goods of the plaintiff, from Geneva to Virginia; that he declined to complete a bargain until the matter had been submitted to the stockholders, at a meeting then soon to be held; that, at such meeting, he submitted the proposition, and it was assented to by them, or, if not expressly assented to by all, no one dissented, and thereafter he agreed, in consideration of $300, to carry the plaintiff's goods to Virginia. The company, at the time, owned a pro-

peller called the "Reynolds," which was not needed by them, and one motive for entering into the contract was to send the said vessel to Virginia, and there sell, as it was expected, for a better price than could be obtained in Geneva. The propeller had been lying for some time without being laded, and her upper seams had become open, and she leaked a good deal. After the bargain was made, the goods were shipped on board the vessel. It was soon discovered that she leaked, but she was, nevertheless, sent on her voyage, and when she arrived in New York, it was found unsafe to send her forward, and a schooner was then chartered by defendants' agent to carry forward the goods, and they were carried accordingly, and delivered to plaintiff in Virginia.

The plaintiff was himself sworn, and testified to substantially the same state of facts.

The plaintiff also gave evidence showing that the goods were injured to the extent of $1,350, and rested.

The defendants moved for a nonsuit, on the ground that the defendants were not liable on the contract made by Johnston with the plaintiff; that he could not bind them, by contracts, for the carriage of goods beyond Geneva lake; and that there was no proof that the defendants ever assented to the making of any such contract. The court refused to nonsuit, and the defendants' counsel excepted.

Two of the defendants were called, on their own behalf, and testified that they were present at the meeting at which Johnston claimed the defendants assented to his making a contract with the plaintiff for the transportation of these goods, and that no such proposition was made or assented to at such meeting; that the only proposition submitted to that meeting by Johnston was to charter the propeller "Reynolds" to the plaintiff, and that was not only not assented to by all, but that both witnesses thereon refused to assent to it.

Other evidence was given tending to prove that the plaintiff had chartered the boat, and was running it on his own account. He received passage and freight money, and hired one or more of the hands employed upon her.

At the close of the evidence the defendants' counsel renewed the motion for a nonsuit, but it was overruled, and he excepted.

The court charged the jury that the defendants were not liable unless they found that the contract made with the plaintiff by Johnston was authorized by them; that, if the defendants assented, they would be justified in finding for the plaintiff; that, if they believed Johnston, the defendants did assent; but, if any dissented, the majority could not bind those dissenting.

The jury rendered a verdict for the plaintiff for $1,350.

After the trial the defendants' counsel made a motion for a new trial, on a case made, and upon affidavits; that the defendants were surprised by the evidence of Johnston that the other defendants had ever assented to the contracts for the carriage of the plaintiff's goods. The motion was denied, and that order was affirmed at the General Term in the seventh district. The same court also affirmed. the judgment; and from that judgment the defendants appeal to this court.

*James Noxon*, for the appellants.

*S. G. Hadley*, for the respondent.

MULLIN, J. The motion for a nonsuit was properly denied. The plaintiff, before resting, had proved, by Johnston and his own oath, that a contract for the carriage of his goods had been made with defendants, with their knowledge and assent. This evidence most clearly authorized a. verdict for the plaintiff. Concede that the evidence of Johnston was not as clear and conclusive as it might be on the question of assent, yet it was some evidence on that point. It was, therefore, the duty of the court to submit it to the jury. There was no .question made, on the trial, as to the admission or rejection of evidence, nor as to the charge of the court. We are called upon to reverse the judgment, because the jury has come, in the opinion of counsel, to an erroneous conclusion on the questions of fact. It cannot require the citation of authorities to show that we possess no such

powers.  Errors of this kind must be corrected in the General Term; and if that court refuses relief, the injured party is remediless.  When the General Term reverses a judgment for error of fact, this court will look into the evidence, to see whether there is any evidence to support the findings of the General Term.  If there is not, the judgment will be reversed: if there is, it will be affirmed. (*Davis* v. *Wycoff*, 18 N. Y., 45; *Griffin* v. *Marquardt*, 17 id., 28).

This is the only case in which this court can enter into an investigation of the facts appearing on the trial.

It is possible that if we had been sitting in the place of the jury, we might have discredited the plaintiff's evidence, in view of the positive denial of the defendants, and the facts proved by their other witness.  But the law has made the jury the tribunals to pass upon the facts, and not us.  And as there must be a power, somewhere, finally to dispose of disputed questions of fact, it has been left, wisely or unwisely, with the jury—with a limited power of review in the Special and General Terms.  In thus holding, we only re-affirm a rule laid down at the organization of the court, and adhered to ever since.

The application to the General Term for a new trial, on the ground of surprise, was addressed to the discretion of the court, and is not appealable.

The judgment must be affirmed, with costs.

WRIGHT, J.  It may be that the weight of evidence was in favor of the defendants, and that injustice was done to them by the verdict in the case; but this court is not the tribunal for the correction of errors of the jury.

The action was for the breach of an agreement by the defendants, to transport, from Geneva to the plaintiff's residence in the State of Virginia, certain household goods and other property of the plaintiff.  The defendants were copartners engaged in the transportation of passengers, merchandise and freight, in steam vessels upon Seneca lake, under the name and style of the Seneca Lake Steamboat Company, and of John R. Johnston & Co.  Johnston, one of

the partners, resided at Geneva, and acted as agent and manager of the affairs of the company. In the fall of 1852, the plaintiff was about removing to Virginia, and Johnston contracted with him, as the agent of the defendants, to transport his goods. The company owned the propellor "Reynolds;" and the goods were placed on board of her at Geneva for transportation; and she proceeded on her journey to New York. She leaked badly before she started, and was so unseaworthy when she reached New York, that Johnston, who was there, doubted the propriety of her going on, and chartered a schooner, and had her freight taken out and put on board the schooner. The plaintiff's property, when transhipped, was in a very wet and damaged condition, and some of it entirely destroyed, and in that state it was delivered to him in Virginia. The amount of damages by loss and water was $1,350. The contract made by Johnston with the plaintiff was not within the scope of the partnership business, and hence it was necessary to show that it was entered into with the assent of the other defendants. Whether it was authorized by the defendants, was a question of fact, in respect to which the evidence was conflicting. Johnston's testimony tended to show that before closing the contract, he submitted it to his associates, at a meeting held by them, and they assented to it; whilst the testimony of two of the defendants, Dox and Watson, who were at the meeting, tended to show that there was no assent, but, on the contrary, one or more of the associates expressely dissented. I think the weight of evidence was against the position that there was an assent on the part of the defendants; but there was certainly some evidence tending to show such assent, and the judge would not have been justified in withholding this disputed question of fact from the jury.

There was but a single exception in the case, viz.: to refusing a nonsuit. The judge properly refused it; and the judgment of the Supreme Court should be affirmed.

All concur.

Judgment affirmed.